```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 15-24720-CV-MOORE
                                      (91-000598-CR-MOORE)
                              MAGISTRATE JUDGE P. A. WHITE
```

BOBBY A. BRYANT,                :

      Movant,               :    <u>REPORT RE DISMISSAL</u>
                                                                    <u>FOR FAILURE TO OBTAIN</u>
v.                              :    <u>AUTHORIZATION PURSUANT TO</u>
                                                                    <u>28 U.S.C. §2244(b)(3)</u>

UNITED STATES OF AMERICA,       :

      Respondent.           :
_____

    This is a successive motion to vacate pursuant to 28 U.S.C. §2255. On April 24, 1996, the habeas corpus statutes were amended. Pursuant to 28 U.S.C. §2244:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.

                                                          *   *   *

> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application

>shall be determined by a three-judge panel of the court of appeals.
>   (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>   (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>   (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>   (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
>   * * *

(Emphasis added.)


Furthermore, under 28 U.S.C. §2255:

>A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>     (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The movant has filed a two prior motions to vacate pursuant to 28 U.S.C. §2255. The first was filed in case number 96-2854-CV-HIGHSMITH and the second in case number 11-23714-CV-LENARD. The second motion was dismissed as successive and the movant was advised of the need to apply to the Eleventh Circuit Court of Appeals for authorization pursuant to 28 U.S.C. § 2244(b)(3)(A). He has now filed a third motion attacking his conviction in case number 91-000598-CR-MOORE.

The movant contends that his motion is timely filed pursuant to 28 U.S.C. §§ 2255(f)(3) because he is relying upon the recent Supreme Court decision in Alleyne v. United States, - U.S. -, 133 S.Ct. 2151 (2013), decided on June 13, 2013.[1] However the movant has failed to comply with the provisions of Section 2244 and 2255 prior to filing this successive motion. Furthermore, the movant's reliance on Alleyne is misplaced as it is not retroactively applicable on collateral review. See Jeanty v. Warden, FCI–Miami, 757 F.3d 1283, 1285 (11th Cir.2014)("Alleyne does not apply retroactively on collateral review.").

As indicated above, Petitioner's first pro se habeas corpus petition filed in this Court was denied on the merits. A second petition is successive if the first was denied or dismissed with prejudice. Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir.

---

[1] The instant motion was filed on June 12, 2014.

1999)(discussing §2254). Thus, the instant motion, the third, is successive.

Prior to filing a successive motion the movant must receive authorization from the Court of Appeals to proceed with a successive § 2255 motion. If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A).

### Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)(citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the undersigned finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. See 28 U.S.C. §2253(c)(2).

### Conclusion

It is therefore recommended that movant's motion be dismissed as successive, that no certificate of appealability issue and that the case be closed.

4

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 22nd day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Bobby Allen Bryant
Reg. No. 42879-004
Federal Correctional Complex - USP
PO Box 1033
Coleman, FL 33521

United States Attorney
99 N.E. 4th Street
Miami, FL  33132